IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE JANUARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 15-00040-CG-C |
| | ) |
| OUTOKUMPU STAINLESS USA, LLC, | ) |
| | ) |
| Defendant. | ) |

# ORDER

This matter is before the Court on a motion to re-tax costs submitted by Defendant Outokumpu Stainless USA, LLC ("Defendant"). (Doc. 44). The Clerk previously denied Defendant's Motion to Tax Costs. (Doc. 43). Defendant moves to re-tax costs in the amount of $1,186.80 for deposing Plaintiff Willie January ("Plaintiff") and obtaining medical records. (Doc. 44, p. 2). Plaintiff did not file an objection. For the reasons stated below, Defendant's motion is due to be granted in part and denied in part.

"In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)). However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The word "costs" is not synonymous with "expense." Eagle Ins. Co. v. Johnson, 982

F. Supp. 1456, 1458 (M.D. Ala. 1997). "[E]xpense includes all the expenditures actually made by a litigant in connection with the lawsuit." Id. (citation omitted). "Whereas the costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, and a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision." Id. (citation omitted). Thus, the costs will almost always be less than the total expenses associated with the litigation. Id. (citation omitted).

The court's power to tax costs is grounded in part in Federal Rule of Civil Procedure 54(d)(1), which states: "Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorneys' fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) gives rise to a presumption that costs will be awarded, and the party opposing the award must overcome this presumption. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991); see also Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) ("When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable[.]"). Section 1920 of Title 28 authorizes a judge or clerk of court to tax six items as costs:

       (1)    Fees of the clerk and marshal;

       (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

       (3)    Fees and disbursements for printing and witnesses;

       (4)    Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

>   (5)   Docket fees under section 1923 of this title;
>
>   (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may not award costs that exceed those permitted by § 1920. See Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988).

Defendant requests deposition costs be taxed against Plaintiff in the amount of $1,114.80. (Doc. 42-1, p. 4). Plaintiff filed no objection to these costs. Section 1920(2) authorizes the award of costs for deposition transcripts. 28 U.S.C. § 1920 (2); see also Kolesar, 313 F.2d at 837–38 ("Though 1920(2) does not specifically mention a deposition, ... depositions are included by implication in the phrase 'stenographic transcript.'"). Whether the costs for a deposition are taxable depends on "whether the deposition was wholly or partially 'necessarily obtained for use in the case.'" E.E.O.C. v. W & O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) (quoting Newman v. A. E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B 1981)). "[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success …." Ferguson v. Bombardier Serv. Corp., 2007 WL 601921, *3 (M.D. Fla. Feb. 21, 2007). Taxable deposition costs extend to per diem charges for a reporter, Procaps v. Patheon Inc., 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016), and exhibit copies "produced for the purpose of supplementing the depositions on which the court relied in granting summary judgment," Kidd v. Mando Am. Corp., 870 F. Supp. 2d 1297, 1299 (M.D. Ala. 2012).

But not all deposition costs are taxable.  Section "1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor." Watson v. Lake City, 492 F. App'x 991, 997 (11th Cir. 2012).

Here, the deposition invoice Defendant submitted includes the following charges: (1) $914.60 for the transcript; (2) $33.95 for deposition exhibits; (3) $150.00 full day per diem for the reporter; (4) $1.25 for color deposition exhibits; and (6) $15.00 for shipping and handling.  (Doc. 42-1, p. 4).  Defendant propounds that Plaintiff's deposition costs are taxable because the deposition was critical in laying out its Motion for Summary Judgment.  (Doc. 44, p. 4).  This assertion is reasonable.  The cost of deposing an adverse party is "necessarily obtained for use in the case" when the deposition is used to support a successful motion for summary judgment. Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1337–38 (S.D. Fla. 2009); see also W & O, Inc., 213 F.3d at 621 ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.").  And Plaintiff failed to show that the deposition was not related to an issue that was present in the case at the time the deposition was taken.  Further, the per diem cost of the reporter's appearance is properly taxable, and the deposition exhibit costs are taxable since the exhibits were submitted to the Court to aid in deciding Defendant's Motion for Summary Judgment.  However, as outlined above, the costs of shipping and handling the deposition are not properly taxable under § 1920.  Therefore, the Court finds that Plaintiff is properly taxed for a total of **$1,099.80** in fees relating to his deposition.

4

Copying costs are also taxable under § 1920(4).  In determining whether to award copying costs, "the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue."  W & O, Inc., 213 F.3d at 623.  The costs of copying medical records are taxable under this standard.  Crouch v. Teledyne Cont'l Motors, Inc., 2013 WL 203408, at *20, *30 (S.D. Ala. Jan. 17, 2013).  In a discrimination case, medical records are necessarily obtained for use in the case when the records either support or defend against a claim of discrimination or damages caused by the discrimination.  Hernandez v. Wilsonart Int'l, Inc., 2011 WL 7092657, at *5 (M.D. Fla. Dec. 30, 2011) (finding the copy costs of medical records reasonable in a Title VII action when emotional distress is also claimed), report and recommendation adopted by Hernandez v. Wilsonart Int'l, Inc., 2012 WL 220265 (M.D. Fla. Jan. 25, 2012).

Here, Defendant avers that "copies of medical records sought and obtained were necessary to assess Plaintiff's alleged damages."  (Doc. 44, p. 4).  A review of Plaintiff's complaint shows he did not raise allegations of discrimination based on a physical condition or allege physical or mental damages due to Defendant's actions.  More simply, Plaintiff did not allege damages in his complaint that would require medical records.  Nonetheless, Defendant offers a transcript excerpt of Plaintiff's counsel conceding that there were records from Dr. Thomas Lane pertaining in some manner to Plaintiff's claim, which were not produced in response to Defendant's discovery request. (Doc. 44-1, p. 8).  Given this, it was reasonable for Defense counsel to conclude that the medical records would be necessary in the

5

case.  Without objection from Plaintiff establishing otherwise, the Court deems this cost reasonable.  Therefore, the Court finds that Plaintiff is properly taxed **$72.00** in fees relating to medical record copies.

Given this, Defendant's Motion to Re-Tax (Doc. 44) is **GRANTED** in the amount of **$1,171.80** ($1,099.80 in transcript costs and $72.00 in medical records copy costs) and **DENIED** for any costs requested in excess of this amount.

**DONE and ORDERED** this 19th day of October, 2016.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE